**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MADELEINE ENTINE, | |
| Plaintiff, | Case No. 2:17-cv-00946 |
| v. | |
| | Judge Algenon L. Marbley |
| SCOTT LISSNER, | |
| | Magistrate Judge Jolson |
| Defendant. | |
| | **JURY DEMAND** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Scott Lissner ("Lissner"), by and through the undersigned counsel, hereby answers Plaintiff Madeleine Entine's Verified Complaint Seeking Temporary Restraining Order, Declaratory Judgment, and Injunctive Relief (the "Complaint") as follows:

1. As to Paragraph 1, Lissner admits that he is the Americans with Disabilities Act Coordinator for The Ohio State University. Lissner further admits that Plaintiff is an individual with a disability. Lissner states further that the remaining allegations are legal conclusions, to which no response is required. To the extent a response is required, Lissner denies the remaining allegations in Paragraph 1.

2. As to Paragraph 2, Lissner admits that, as of the filing of this Answer, Plaintiff is a second-year undergraduate student at The Ohio State University.

3. As to Paragraph 3, Lissner admits that he is the Americans with Disabilities Act Coordinator for The Ohio State University. Lissner states further that the remaining allegations are legal conclusions, to which no response is required. To the extent a response is required, Lissner denies the remaining allegations in Paragraph 3.

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, Lissner denies the allegations in Paragraph 4.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, Lissner denies the allegations in Paragraph 5.

6. As to Paragraph 6, Lissner admits that, as of the filing of this Answer, Plaintiff is a second-year undergraduate student at The Ohio State University. Lissner further admits that, as of the filing of Plaintiff's Complaint, Plaintiff is a member of the Chi Omega sorority.

7. As to Paragraph 7, Lissner admits to the extent that The Ohio State University has policies governing campus housing. Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and therefore denies the same.

8. As to Paragraph 8, Lissner admits to the extent that the allegation is true.

9. As to Paragraph 9, Lissner admits that Plaintiff "applied to live in the house and received approval." Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9, and therefore denies the same.

10. Lissner lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies the same.

11. As to Paragraph 11, Lissner admits that Plaintiff "suffers from a disability." Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11, and therefore denies the same.

12. As to Paragraph 12, Lissner admits that Plaintiff's medical records speak for themselves. Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and therefore denies the same.

13. Lissner lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same.

14. As to Paragraph 14, Lissner admits that Plaintiff has a dog. Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14, and therefore denies the same.

15. Lissner lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same.

16. As to Paragraph 16, Lissner admits that Plaintiff notified the University of her disability and her request to have her dog approved as an Emotional Support Animal through the University's Student Life Disability Services and that the dog was approved to reside with Plaintiff. Lissner denies to the extent that Plaintiff alleges that her dog was allowed to "accompany [her] to areas and buildings on campus where University policies would normally prohibit animals." Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and therefore denies the same.

17. As to Paragraph 17, Lissner admits to the extent that Plaintiff sought and received approval for her dog to live with her in the Chi Omega house from Chi Omega leadership. Lissner further admits that the Chi Omega house is not owned or operated by the University but instead is owned and operated by ZACO, Inc. Lissner further admits

that students residing in the Chi Omega house remain subject to certain University policies. Lissner denies any remaining allegations in Paragraph 17.

18. As to Paragraph 18, Lissner admits to the extent that Chi Omega and ZACO, Inc. allowed Plaintiff to reside in the Chi Omega house with her dog. Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18, and therefore denies the same.

19. As to Paragraph 19, Lissner admits to the extent that Plaintiff is referring to the housemate whose disabilities are exacerbated by the presence of Plaintiff's dog. Lissner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19, and therefore denies the same.

20. As to Paragraph 20, Lissner admits that he is the University's Americans with Disabilities Act Coordinator and that individuals from Chi Omega, ZACO Inc., or both, contacted him about a complaint that they had received pertaining to Plaintiff's dog. Lissner denies any remaining allegations in Paragraph 20.

21. As to Paragraph 21, Lissner admits that Plaintiff provided him with information about her disability and about her dog. Lissner denies any remaining allegations in Paragraph 21.

22. As to Paragraph 22, Lissner admits that he provided an email dated Wednesday, October 4, 2017, which contained his impressions after speaking with relevant individuals and reviewing pertinent information. Lissner further states that the document, attached to Plaintiff's Complaint as Exhibit A speaks for itself. Lissner denies any remaining allegations in Paragraph 22.

23. As to Paragraph 23, Lissner admits this allegation to the extent that it accurately quotes the email shared with Plaintiff. Lissner further states that the document, attached to Plaintiff's Complaint as Exhibit A speaks for itself.

24. As to Paragraph 24, Lissner admits this allegation to the extent that it accurately quotes the email shared with Plaintiff. Lissner further states that the document, attached to Plaintiff's Complaint as Exhibit A speaks for itself. Lissner denies any remaining allegations in Paragraph 24.

25. As to Paragraph 25, Lissner admits this allegation.

26. As to Paragraph 26, Lissner denies these allegations.

27. As to Paragraph 27, Lissner admits that both he and Plaintiff referred to Plaintiff's dog as an Emotional Support Animal. The remaining allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, Lissner states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27, and therefore denies the same.

28. As to Paragraph 28, Lissner denies Plaintiff's first allegation and states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and therefore denies the same.

29. As to Paragraph 29, Lissner states that these records speak for themselves. Lissner denies any allegations contained in Paragraph 29 that do not accurately portray these records.

30. As to Paragraph 30, Lissner states that these records speak for themselves. Lissner denies any allegations contained in Paragraph 30 that do not accurately portray these records.

31. As to Paragraph 31, Lissner admits that the University and Plaintiff's counsel exchanged emails regarding this matter and further states that these records speak for themselves.

Lissner denies any allegations contained in Paragraph 31 that do not accurately portray these records.

32. As to Paragraph 32, Lissner admits that the University and Plaintiff's counsel exchanged emails regarding this matter and further states that these records speak for themselves. Lissner denies any allegations contained in Paragraph 32 that do not accurately portray these records.

33. As to Paragraph 33, Lissner denies these allegations.

34. As to Paragraph 34, Lissner admits this allegation.

35. As to Paragraph 35, Lissner denies Plaintiff's first allegation and states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and therefore denies the same.

36. As to Paragraph 36, Lissner states that this is a legal conclusion, to which no response is required. To the extent a response is required, Lissner denies the same.

37. As to Paragraph 37, Lissner states that this is a legal conclusion, to which no response is required. To the extent a response is required, Lissner states that the University is an instrumentality of the State of Ohio and is subject to Title II of the Americans with Disabilities Act.

38. As to Paragraph 38, Lissner states that this is a legal conclusion, to which no response is required. To the extent a response is required, Lissner admits this allegation.

39. As to Paragraph 39, Lissner states that this is a legal conclusion, to which no response is required. To the extent a response is required, Lissner denies this allegation.

40. As to Paragraph 40, Lissner states that this is a legal conclusion, to which no response is required. To the extent a response is required, Lissner denies this allegation.

41. As to Paragraph 41, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies this allegation.

42. As to Paragraph 42, Lissner states that this is a legal conclusion, to which no response is required.  To the extent that a response is required, Lissner denies the same.

43. As to Paragraph 43, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

44. As to Paragraph 44, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner admits the same.

45.  As to Paragraph 45, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

46. As to Paragraph 46, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

47. As to Paragraph 47, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

48. As to Paragraph 48, Lissner admits this allegation.

49. As to Paragraph 49, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner states that the University is an instrumentality of the State of Ohio and is subject to Title II of the Americans with Disabilities Act.  Lissner denies any remaining allegations in Paragraph 49.

50. As to Paragraph 50, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

51. As to Paragraph 51, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

52. As to Paragraph 52, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

53. As to Paragraph 53, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

54. As to Paragraph 54, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner admits the same.

55. As to Paragraph 55, Lissner states that this is a legal conclusion, to which no response is required.  To the extent a response is required, Lissner denies the same.

56. Lissner denies each and every allegation not specifically admitted to in this Answer.

WHEREFORE, having answered Plaintiff's allegations, Lissner denies that his actions toward Plaintiff have violated any laws or were otherwise unlawful.  Lissner further denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.  Lissner hereby asserts the following additional defenses which may include one or more additional defenses.

## **ADDITIONAL DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. This Court lacks jurisdiction over all or some of Plaintiff's claims.

3. Lissner is immune from suit pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. To the extent that any claims are asserted against Lissner in his individual capacity, he is entitled to qualified immunity as to such claims.

5. Lissner asserts any and all immunities to which he may be entitled under state and federal law.

6. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages.

7. Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, accord and satisfaction, waiver, and/or laches.

8. Lissner expressly reserves the right to supplement this Answer and to assert new or additional defenses should and when they become known.

WHEREFORE, Lissner respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety against him at Plaintiff's cost, and that the Court award Lissner the costs he incurred in this litigation, reasonable attorney's fees incurred in this litigation, and such other and further relief as this Court deems just.

Respectfully submitted,

**MICHAEL DEWINE (0009181)**
**Ohio Attorney General**

*s/ Jeffrey A. Knight*
_____
JAMES D. MILLER (0080357)
*Trial Counsel*
JEFFREY A. KNIGHT (0086649)
*Co-Counsel*
Assistant Attorneys General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
james.miller@ohioattorneygeneral.gov
jeffrey.knight@ohioattorneygeneral.gov\
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of *Defendant's Answer to Plaintiff's Complaint* has been served on the parties this 22nd day of, December 2017 via the Court's electronic service.

    */s/ Jeffrey A. Knight*
    _____
    JEFFREY A. KNIGHT (0086649)
    Assistant Attorney General